F. THOMAS EDWARDS, ESQ.
Nevada Bar No. 9549
E-mail: tedwards@nevadafirm.com
JESSICA M. LUJAN, ESQ.
Nevada Bar No. 14913
E-mail: jlujan@nevadafirm.com
**HOLLEY DRIGGS**
300 South Fourth Street, Suite 1600
Las Vegas, Nevada 89101
Telephone:   702/791-0308

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| BEERPARTNERS.LV, LLC, a Nevada limited liability company,<br><br>            Plaintiff,<br><br>      v.<br><br>THE SHOPPES AT THE PALAZZO, LLC, a Delaware limited liability company,<br><br>            Defendant. | CASE NO.:    2:23-cv-00387-GMN-BNW<br><br>**FIRST AMENDED COMPLAINT** |

BEERPARTNERS.LV, LLC ("Plaintiff") by and through its attorneys of the law firm of Holley Driggs, complains against Defendant THE SHOPPES AT THE PALAZZO, LLC, ("Defendant") as follows:

**JURISDICTION AND VENUE**

1.  The Court has personal jurisdiction over the Defendant because the Defendant conducted business in Nevada and engaged in the wrongful conduct complained of herein in Nevada.

2.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), because of diversity of citizenship. The amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff is a Nevada limited liability company and its members are citizens of California, Texas, the British Virgin Islands, and Indonesia. Defendant is a Delaware limited liability company and, despite multiple requests, refused to identify the citizenship of its members during

pre-litigation discussions. Upon information and belief, Defendant is not a citizen of California, Texas, the British Virgin Islands, or Indonesia.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claims occurred in Nevada and the property that is the subject of the action is situated in Nevada.

## PARTIES

4. Plaintiff is a Nevada limited liability company. Plaintiff's members are citizens of California, Texas, the British Virgin Islands, and Indonesia.

5. Defendant is a Delaware limited liability company and, upon information and belief, its members are not citizens of California, Texas, the British Virgin Islands, or Indonesia.

## GENERAL ALLEGATIONS

6. On or about August 22, 2018, Plaintiff entered into a lease with Defendants (the "Lease") for unit 2852, consisting of approximately 13,750 square feet in The Shoppes at the Palazzo.

**Co-tenancy Clause**

7. To entice Plaintiff into entering into the Lease, Defendant represented to Plaintiff that it was going to open a 20,000 square foot Food Hall at The Shoppes at the Palazzo, which would drive substantial foot traffic to Plaintiff's business.

8. As this Food Hall was a material basis upon which Plaintiff signed the Lease, the Parties negotiated language in the Lease stating that if the Food Hall was not open within 180 days of the opening of Plaintiff's business, Plaintiff would only owe a substantially reduced "Substitute Rent," until such time as the Food Hall or a suitable replacement opened in the 20,000 square foot space (the "Co-tenancy Clause").

9. Defendant honored the Co-tenancy Clause of the Lease for years.

10. However, starting in October of 2022, Defendant began wrongfully charging Plaintiff full rent, despite the fact that no suitable replacement tenant opened in the 20,000 square foot space in violation of the Co-tenancy Clause.

15298-01/2966198.docx

11. Defendant then sent Plaintiff a series of conflicting notices about when the Defendant believed Plaintiff began owing full rent under the Co-tenancy Clause.

12. Plaintiff requested that Defendant clarify its position on when Defendant believes Plaintiff began owing full rent under the Co-tenancy Clause, but Defendant refuses to respond.

13. Moreover, in an attempt to side-step the requirement of finding a suitable replacement tenant to drive the promised foot traffic to Plaintiff's business, Defendant leased some of the relevant space to a temporary pop-up tenant who made no material investment in the space.

14. Defendant is using this temporary pop-up tenant who made no material investment in the space in a bad faith attempt to trigger Plaintiff's obligation to pay full rent.

15. Plaintiff requested that the Defendant provide information about this temporary pop-up tenant, but Defendant refused.

16. This temporary pop-up tenant fails to satisfy the requirement of a suitable replacement tenant in the Co-tenancy Clause.

17. Alternatively, even if the temporary pop-up tenant technically satisfies the requirement of a suitable replacement tenant under the Co-tenancy Clause, Defendant is acting in bad faith and in a manner that is unfaithful to the purpose of the Co-tenancy Clause, such that Plaintiff's justified expectations are being denied.

**Signage**

18. As Plaintiff's business is located on the second floor of The Shoppes at the Palazzo, signage directing customers to Plaintiff's business is critical to its success.

19. During Lease negotiations, Plaintiff recognized a deficiency in signage for the retail tenants in the trade area Plaintiff would be leasing and what appeared to be Landlord's blatant favoritism towards Sushi Samba for signage.

20. Accordingly, Plaintiff demanded, and Defendant agreed, to include unique language in the Lease to guaranty that Plaintiff's business would be adequately represented on signage in a manner consistent with Sushi Samba.

/ / /

15298-01/2966198.docx

21. Specifically, the Lease provides that "Landlord agrees that Tenant's Trade Name shall be included (at no cost to Tenant) on all Level Two Palazzo restaurant way-finding and directional signage, consistent with Sushi Samba's inclusion on such signage."

22. The Lease also provides under the title "Interior Signs and Advertising" that "Tenant's business shall be marketed and advertised in a manner consistent with other similarly-situated businesses at the Shopping Center."

23. In November of 2022, Plaintiff noticed that its trade name was removed from a number of locations. Plaintiff contacted Defendant to ask why its trade name was removed from the signage. Defendant responded that Plaintiff's trade name was removed from signage "to support some of the newest openings on property." Defendant further responded that Plaintiff had the benefit of signage for a "very long time" but that "it was also time to refresh."

24. When asked specifically about the fact that Sushi Samba continued to be featured on the signage from which Plaintiff's trade name was removed, Defendant explained that Sushi Samba "has an established traffic base" and "provides consist[ent] traffic overall."

25. Later, Defendant argued that Plaintiff did not have the right to be included on the same signage as Sushi Samba at all.

26. Plaintiff requested a copy of any agreements with Sushi Samba regarding signage, but Defendant refused to provide any information.

27. Defendant's refusal to include Plaintiff's trade name on this signage is a violation of the Lease.

28. Alternatively, even if Defendant's refusal to include Plaintiff on this signage technically complies with the Lease, Defendant is acting in bad faith and in a manner that is unfaithful to the purpose of the Lease, such that Plaintiff's justified expectations are being denied.

### FIRST CAUSE OF ACTION

**(Declaratory Relief – NRS 30 *et seq.* – Uniform Declaratory Judgments Act)**

29. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs of this Complaint as though said paragraphs were fully set forth herein.

- 4 -

15298-01/2966198.docx

30. NRS 30.050, a provision of Nevada's Uniform Declaratory Judgments Act, expressly provides that a "contract may be construed either before or after there has been a breach thereof."

31. The District of Nevada held in *Winecup Gamble, Inc. v. Gordon Ranch, LP*, 3:17-CV-00163-ART-CSD, 2023 WL 2308416 (D. Nev. Mar. 1, 2023) that "a request for declaratory relief relating to a contract need not be accompanied by a breach of contract claim" under NRS 30, and therefore standalone claims for declaratory relief under NRS 30 may proceed in diversity actions.

32. There exists an actual controversy between Plaintiff and Defendant regarding the Parties' respective rights, duties and obligations under the Lease.

33. Plaintiff seeks a judicial determination and declaration of the Parties' respective rights, duties and obligations under the Lease.

34. Without limitation, Plaintiff is entitled to judicial declarations that: (a) Defendant is not complying with its obligations under the Lease, (b) Defendant is acting in bad faith and in a manner that is unfaithful to the purpose of the Lease, such that Plaintiff's justified expectations are being denied, (c) a temporary pop-up tenant that made no material investment in the space is not a suitable replacement tenant, (d) Defendant is improperly charging Plaintiff full rent dating back to October of 2022, (e) Defendant wrongfully removed Plaintiff's trade name from signage, (f) Defendant is failing to market and advertise Tenant's business on interior signs and advertising in a manner consistent with other similarly-situated businesses, and (g) Defendant is failing to include Tenant's trade name on signage consistent with Sushi Samba.

35. A declaratory judgment is needed to clarify and settle the rights, duties and obligations of the Parties under the Lease. This dispute is ripe for judicial determination and the controversy presently exists due to Defendant's wrongful refusal to honor the Lease.

36. Plaintiff is therefore entitled to a judicial determination regarding the rights, duties and obligations of the Parties under the Lease.

/ / /

37. Plaintiff has been required to retain the services of an attorney to prosecute this action and is entitled to attorney fees and costs.

## **DEMAND**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. Declaratory relief regarding the rights, duties and obligations of the Parties under the Lease; and

2. For such other and further relief as this Court may deem just and proper.

DATED this 22nd day of June 2023.

**HOLLEY DRIGGS**

*/s/ F. Thomas Edwards, Esq.*
F. THOMAS EDWARDS, ESQ. (NBN 9549)
JESSICA M. LUJAN, ESQ. (NBN 14913)
300 South Fourth Street, Suite 1600
Las Vegas, Nevada 89101
*Attorneys for Plaintiff*

15298-01/2966198.docx

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically transmitted the above and foregoing **FIRST AMENDED COMPLAINT** using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to all counsel in this matter; all counsel being registered to receive Electronic Filing.

>Anthony J. Celeste, Esq.
>Ryan W. Daniels, Esq.
>**KAEMPFER CROWELL**
>1980 Festival Plaza Drive, Suite 650
>Las Vegas, NV 89135
>Email: tceleste@kcnvlaw.com
>Email: rdaniels@kcnvlaw.com
>*Attorneys for Defendant,*
>*The Shoppes At The Palazzo*

DATED this 22nd day of June, 2023.

>*/s/ Norma S. Moseley*
>An employee of HOLLEY DRIGGS

15298-01/2966198.docx